## Tobias Lord *versus* John S. Tyler *et al.*

In an indenture between the plaintiff as agent of M. of the one part, and the defenc-
ants and one T, since deceased, of the other part, reciting that the plaintiff, as such
agent, had, with the consent of T, sold a schooner to B, one of the defendants,
for $ 1950, of which sum $ 950 had been paid to the plaintiff, and that T claimed
to own a moiety of the schooner, the defendants and T covenant that they will pay
the plaintiff $ 1000, the residue of the price, within one year, subject to the proviso,
that if T shall within one year, by any legal process or arbitration that may be
agreed upon between the parties, legally establish his title to such moiety, then the
$ 1000 shall not be paid, and subject to the further proviso, that if at the end of one
year any process for the purpose of determining the title of T shall be depending,
then the payment shall be delayed until such process shall be determined, and if by
the termination of such process it shall be found that T was the owner of a moiety,
the $ 1000 shall never be paid. In an action of covenant on this indenture the
plaintiff avers, that T did not, within one year, by any legal process or otherwise,
establish his title, and that no process was depending and undetermined at the end
of the year. The defendants plead, that T and the former master of the schooner
were owners, as tenants in common, each of an undivided moiety, that the master
sold her without authority to G, that G sold her to M, and that the plaintiff as M's
agent sold her to B ; that before this last sale T claimed a moiety as tenant in com-
mon with M, and that the indenture was entered into for the purpose of determin-
ing their conflicting claims; that T, in his lifetime, and since his death his adminis-
trator, offered to the plaintiff, within the year, and were always ready, to agree in
the appointment of arbitrators or the commencement of any legal process, but that
the plaintiff refused. It was *held*, that as T claimed to be tenant in common with
M, no adverse suit could be brought to determine their respective rights; that the
fair construction of the indenture was, that whether the controversy should be de-
termined by arbitration or by a suit, it was to be done by the agreement of the par-
ties to the indenture, and that if by refusing his assent, as well to a suit as to an arbi-
tration, he prevented T from complying with the conditions, he could not recover
on the covenant; and consequently, that the plea was good in substance.
It was *held* likewise, that the plea, in alleging an unauthorized sale of T's moiety, so
that no title to it vested in M, and also an offer to agree on a suit or an arbitration,
was not bad for duplicity, for that the former allegation was not a ground of defence
to the action, but either surplusage or merely inducement to the material allegation.
A plea alleging that the offer to agree on a suit or an arbitration was made to M, in-
stead of the plaintiff, was *held* to be bad.
A plea alleging that the plaintiff and T agreed that a suit pending between the former
master of the schooner and an insurance company should be the legal process
whereby T's right to a moiety should be determined, that that suit was discontinued
without the knowledge of either of the parties to the indenture, and that afterwards
the administrator of T offered to the plaintiff and was always ready to agree on
another suit or an arbitration, was *held* to be good in substance, and not bad for du-
plicity; the first part being either surplusage or merely inducement to the material
allegation.

THIS was an action of covenant broken, brought for the
use of Robert G. Mitchell.

The plaintiff declares, that by an indenture made on No-

vember 1, 1828, between Lord, the plaintiff, as agent of Mitchell, of the one part, and Tyler and Binney, the defendants, and one Trueman, since deceased, of the other part, (after reciting that Lord, as the agent of Mitchell, had, on that day, with the advice and consent of Trueman, sold and given a bill of sale of the whole of the schooner Susan to Binney, for the sum of 1950 dollars, of which sum 950 dollars had been paid to Lord, and also reciting that Trueman claimed to own a moiety of the schooner and had agreed to pay Lord 1000 dollars for the residue of the price of the schooner, with interest, within one year from the date of the indenture, unless he, Trueman, should before the expiration of that time legally establish his title to such moiety,) Trueman, Tyler and Binney covenanted with Lord, that they would pay to him the sum of 1000 dollars within one year from the date of the indenture with interest, subject to the proviso, that if Trueman should, within one year, by any legal process or arbitration that might be agreed upon between the parties, legally establish his title to such moiety, then and in such case the sum of 1000 dollars should not be paid, nor any part of it, — and subject to the further proviso, that if at the end of one year any process for the purpose of deciding whether Trueman was the legal owner of such moiety, should be depending and undetermined, then and in such case the payment of the 1000 dollars should be delayed until such process should be finally determined, and if by the termination of such process it should be found that Trueman was the legal owner of such moiety, then that sum should not at any time be paid ; and the plaintiff then avers, that Trueman did not, within one year, by any legal process or otherwise, legally establish his title to such moiety, and that at the expiration of the year, no process for the purpose of determining that question was depending and undetermined, and so the plaintiff alleges, that on November 1, 1829, the defendants (Trueman being then deceased) ought, according to their covenant, to have paid the plaintiff the sum of 1000 dollars, with interest, but that they have never paid any part thereof, and so have broken their covenant.

The defendants plead, 1. *non est factum* ; on which issue is joined.

2. That on April 23, 1828, Trueman and one Morgan were owners as tenants in common, each of an undivided moiety of the schooner Susan, of which Morgan was then master ; that on that day, while proceeding on a voyage, she was injured by the perils of the seas, and by reason thereof was carried into Key West, and that Morgan there, in his own wrong and without any legal authority from Trueman, or any justifying cause or necessity, undertook to sell and deliver her to one Greene, of Key West, who on June 4, 1828, unlawfully undertook to sell and deliver her to Mitchell, and that Mitchell then and there took possession of her and afterwards caused her to be sent to Boston and delivered into the custody of the plaintiff as his agent ; that afterwards Trueman claimed to have possession of his moiety, in common with Mitchell as owner of the other moiety, but that Mitchell refused to permit him to have such possession ; that the indenture was made by the parties thereto, for the purpose of adjusting their several interests in the premises, as is therein set forth ; that Trueman, at the time of making the indenture and until his decease, was, and since his decease his administrator has been, and still is, ready to agree with the plaintiff in the appointment of arbitrators, or to the commencement and prosecution of any suit at law or legal process, by means whereof it might or may be determined whether Trueman had title to a moiety of the schooner, according to the form and effect of the indenture, and that on September 2, 1829, before the expiration of. one year from the date of the indenture, the administrator, offered to the plaintiff to agree with him in the appointment of arbitrators, or in the commencement and prosecution of any action at law or legal process, by means whereof it might be determined whether Trueman had any title, but that the plaintiff then refused and ever since has refused to agree to the appointment of any arbitrators, or to the commencement and prosecution of any action at law or legal process for the purpose above mentioned.

3. The third plea differs from the second, in alleging that the offer to agree in the appointment of arbitrators &c., was made by the defendants in behalf of the administrator to Mitchell instead of the plaintiff, and that Mitchell refused &c

4. In the fourth plea, after setting out the sale by Morgan, the claim by Trueman, and the making of the indenture, the defendants aver, that before the making of the indenture, an action at law had been instituted by Morgan against the Atlas Insurance Company, for a sum of money alleged to be due to him from the company under a policy of insurance, wherein the company had insured him against the loss of his moiety of the schooner by perils of the seas during the voyage upon which she was proceeding on April 23, 1828, in which suit he alleged a total loss of his moiety on that day by the perils of the seas, and the necessary sale of the vessel by reason thereof ; that that suit was pending and undecided on the day when the indenture was made, and that after the making of the indenture, Trueman and Lord agreed with each other, that that suit should be by them considered and taken to be the egal process, according to the indenture, whereby it should be determined whether Trueman had good title to a moiety of the vessel, and that if Morgan should prevail in that suit and recover judgment against the insurance company for indemnity for his moiety of the vessel, then Trueman should pay Lord the sum of 1000 dollars and interest thereon, as in the indenture provided, and that if the insurance company should recover judgment against Morgan, then Trueman should be thenceforth and forever discharged from any obligation to pay that sum under the indenture ; that before the expiration of a year after the making of the indenture, and before any judgment was rendered in that suit, the suit was discontinued by Morgan, without the knowledge of Trueman and without his default, and so became of no effect to determine whether he should be held to pay the 1000 dollars and interest thereon ; that from the time of the discontinuance of that suit until his decease, Trueman was, and since his decease, his administrator has been, and still is, ready to agree with the plaintiff in the appointment of arbitrators, or in the commencement and prosecution of an action at law or legal process, &c., and that on September 2, 1829, the administrator offered to the plaintiff to agree in the appointment of arbitrators, &c., (as in the second plea.)

The plaintiff demurs to the second, third and fourth pleas, and assigns for causes of demurrer : —

1. That the pleas attempt to put in issue an immaterial point, or if they contain matters of defence, they are double, in this, viz. they allege an unjustifiable sale of Trueman's moiety of the vessel, so that the acquisition of title by Mitchell is denied, and they also allege the performance of acts by Trueman and his administrator in excuse or justification for the alleged breach of covenant, which matters in excuse or justification are not a consequence of the acts and things al·leged to have been done and to have existed before the making of the indenture : —

2. That neither of the pleas denies, confesses or avoids the substantial matter in the breach of covenant alleged : —

3. As to the fourth plea in particular that no other issue can be offered or taken upon it, than can be offered and taken upon the second plea.

*Sohier* in support of the demurrer. Either the issue presented under the proposition, that no title passed to Mitchell, is irrelevant to the breach of covenant declared on, or the plaintiff's and Mitchell's non-compliance with the offer to refer to arbitrators or agree to the commencement of an action at law, is irrelevant to such breach. But if neither is irrele-·vant and immaterial, then either is a sufficient answer to the declaration, and so the pleas are double.

. The fourth plea differs from the second, merely by the introduction of the allegations respecting the abortive suit brought by Morgan, which are altogether unimportant ; .and so no other issue is presented under this plea than under the second. Suppose however that the suit of Morgan was the one by which Trueman's liability to the plaintiff was to be tried, then the covenant has become absolute, since that suit did not terminate in Trueman's favor. It was not contemplated by the parties to· the indenture, that more than one suit should be brought to determine the question then in controversy.

The recital in the indenture indicates an intention, that if Mitchell, or the plaintiff in his behalf, will give up the vessel to the defendants, they will pay him 1000 dollars and interest,

unless they prove within a year that Trueman has a title to a moiety of the vessel. The mode of determining this question is pointed out, namely, by arbitration or suit at law. The terms of the indenture are, " if Trueman should, within one year, by any legal process or arbitration that might be agreed upon between the parties, legally establish his title." The defendants seem to think that the words " might be agreed upon," apply to the commencement of a suit, but it is manifest that they refer only to an arbitration, which could be had only by mutual agreement. Suppose that no action would lie, still the plaintiff was not bound to agree to an arbitration. If Trueman had covenanted to pay, unless he should do what was impossible, that would be no defence, but the covenant would be absolute. Com. Dig. *Condition*, *M*, 2 ; *Shubrick* v. *Salmond*, 3 Burr. 1637 ; *Hadley* v. *Clarke*, 8 T. R. 267. The proviso was inserted by Trueman for his own benefit. He undertakes to settle the question of title at his own hazard, with or without Mitchell's agreement to refer it to arbitrators. The proviso is independent of the covenant, and the plaintiff was not obliged to notice it in his declaration ; it is only matter of defence. 1 Chit. Pl (5th edit.) 340. If the agreement in the proviso has reference to a suit, as well as to an arbitration, it is repugnant to · the covenant and void, inasmuch as it would prevent the indenture from being carried into effect without a new voluntary agreement of the parties. *Scovel* v. *Cabell*, Cro Eliz. 107.

As to the effect of recital, he referred to *Lampon* v. *Corke*, 5 Barn. & Ald. 606 ; *Lambourne* v. *Corke*, 1 Dowl. & Ryl. 211.

*C. G. Loring* for the defendants. The facts stated in the pleas, that the vessel was owned by Morgan and Trueman, that she was sold without authority by Morgan to Greene and by him to Mitchell, and that she afterwards came into the possession of the plaintiff as Mitchell's agent, are merely inducement to the effective part of the pleas, namely, the averment of the offer and refusal to agree in the appointment of arbitrators or in the commencement of the suit. The pleas therefore are not double, nor do they present an immaterial issue. Chit. Pl. 230, 511, 512. As to what is inducement

14 *

Lord
*v.*
Tyler.

or immaterial and may be rejected as surplusage, see 1 Chit
Pl. (1st edit.) 294 ; Stephen on Pl. 272, 274 ; *Rowles v.
Lusty,* 4 Bingh. 431 ; *O'Brien v. Saxon,* 2 Barn. & Cressw.
908.

The agreement in the proviso, has reference as well to the
commencement of a suit, as to an arbitration, for no suit could
be brought without such agreement.   The vessel was sold by
Lord, as agent of Mitchell, and by Trueman, to Tyler and
Binney.   Trueman could not sue Mitchell, for Mitchell had
not received the money for the whole vessel.   Both might
have sued Tyler and Binney, but for that purpose Mitchell's
assent would be necessary.   Nor could Trueman sue Tyler
and Binney, for by the indenture, the money for his supposed
moiety was not to be paid until the question in regard to his
title should be determined.   It is urged that a covenant to
pay money upon an impossible condition, is absolute.   The
thing to be done in the present case, was to establish the title
of Trueman.   For this purpose two modes were pointed out ;
but one of them being impossible, the other was the only mode
to be pursued, and a tender of performance in this mode saves
the condition.   As the performance was possible only by the
consent of the plaintiff and he withheld his consent, the per-
formance became impossible by his own act, and so the con-
dition is saved.   On the other hand, if the plaintiff had made
the like offer to Trueman, and he had rejected it, the cove-
nant would have become absolute.   The offer to submit the
question to arbitration was sufficient, without naming arbitra-
tors, the proposition being rejected.  *Badlam  v .  Tucker,*
1 Pick. 284, 287 ; *People v . Manning,* 8 Cowen, 297 ; Co.
Lit. 206 *a* ; 2 Bl. Comm. 156.

*June 27th.*      MORTON J. delivered the opinion of the Court.  [After
stating the pleadings.]   The second plea is objected to on
two grounds ; first, that it is immaterial or an insufficient an-
swer to the declaration ; and second, that if a good answer in
substance, yet it is bad in form, for duplicity.

In order to determine whether this plea contains a substan-
tial defence to the action, it is necessary to examine the pro-
visions, of the indenture, as set forth in this plea, and ascer-
tain the true meaning of the words there used.

The defendants and Trueman covenanted to pay the plaintiff 1000 dollars, in one year, with interest, provided that if Trueman should within one year, by any legal process or arbitration that might be agreed upon between the said parties, legally establish his title to one half of the schooner, then the 1000 dollars should not be paid.

The plaintiff contends that the condition must be performed by Trueman, in order to defeat this covenant ; that there was nothing for the plaintiff to do ; that Trueman, to avail himself of this condition, must establish his right to a moiety of the schooner, and that upon his failure to do it within the time prescribed the covenant to pay was absolute ; that in the condition two modes are prescribed by which this should be done, the one, by arbitration, the other, by suit at law ; the one, by agreement with the plaintiff, the other, without his consent or agreement ; and that if the plaintiff declined the one, Trueman was bound to resort to the other. Now it is very obvious, that if this is the true construction, all the pleas in bar are bad.

It is here important to inquire, whether Trueman could maintain any adverse suit ; because if he could not, this part of the condition was impossible, and so void, or the words must be construed so that the suit or process should be by the agreement of the plaintiff.

It appears from the indenture, as set forth in the declaration, that Trueman claimed to own one moiety of the schooner as tenant in common with Mitchell, for whom the plaintiff acted, and that this was the question which was to be tried in the manner prescribed in the proviso under consideration. We are of opinion that no adverse suit could be maintained, to determine the question which was in controversy between the parties. One tenant in common of a chattel can maintain neither trespass, trover nor replevin against his cotenant. If therefore an adverse suit was intended by the terms *legal process,* it was clearly impossible, and so an inoperative condition. But we do not believe that this proviso is chargeable with such absurdity. If by any fair interpretation it will admit of a construction which will give effect to all the expressions used, such construction should be adopted. It seems to us, that the

proviso may admit of the construction contended for by the defendants, namely, that the means of determining the controversy as to the ownership of a moiety of this vessel, whether by arbitration or other legal process, was to be by the agreement of the parties to the indenture. Trueman could not therefore perform this condition without the consent and cooperation of the other party to the contract. It would be very unjust and absurd to compel the defendants to pay the amount of the covenant because Trueman had neglected to comply with the condition, when the plaintiff had prevented him from doing so in the only way in which it was practicable.

The defendants have alleged in their plea, that Trueman and his representative always were ready and offered to the plaintiff to agree upon a process or arbitration to determine the right to the moiety of the vessel in question, but that the plaintiff refused. Now we think here is stated a substantial defence to the action.

But there is a special demurrer, and the form of the plea is objected to on the ground of duplicity.

Duplicity, according to Gould on Pleading, 419, consists in alleging two or more distinct grounds of defence, when one of them would be as effectual in law as all of them. This is said to be inadmissible, because it produces useless prolixity and tends to confusion and the multiplication of issues. The rule requires that every plea should be confined to a single ground of defence ; but it is not necessarily confined to a single fact, for several connected facts may be necessary to constitute one single complete ground of defence.

The duplicity is said to consist in this, that the defendants allege an unauthorized sale of Trueman's share of the vessel, so that no title vested in Mitchell, and also an offer or tender by Trueman's representative to agree on a process or arbitration according to the terms of the condition in the indenture. We have already endeavoured to show, that the latter allegation is a good and complete ground of defence against the action ; and if the former is also, then the plea is double.

But we think the former allegation amounts neither to a performance of the condition, nor an excuse for non-perform

ance of it.  The matter in controversy between the parties was, whether Trueman owned one half of the schooner.  The condition was, that he should establish his right to the moiety in the mode to be agreed upon by the parties.

This must be considered as inducement to the material allegation, or as mere surplusage.  Perhaps it might not be necessary to make this statement at all, and the plea would have been good without it.  If so, it may be rejected as surplusage.  Although the gist of the defence is not a necessary consequence of this allegation, yet it may be considered as properly introductory to and explanatory of the material ground of defence, and so good as inducement.  Gould, 52.

Upon the whole, we are of opinion that the second plea is good in substance and in form, and that as to this the demurrer must be overruled.

As this plea is to the whole action, and is decisive of the case, it is not necessary to consider the third and fourth very minutely.

The principal difference between the second and third pleas is, the alleging in the latter, that the offer to agree on the process or arbitration was made to Mitchell, instead of the plaintiff.  Mitchell was not a party to the indenture.  The agreement as to the mode of determining the controversy, was not to be made by the parties to the controversy.  The expression used is the *said parties*, which we can construe only as referring to the persons who had before been parties to the contract.  For this cause then the third plea is bad.

The *fourth* plea is said to be double, because it alleges, that Lord and Trueman agreed that a certain suit then pending between Morgan and the Atlas Insurance Company should be the legal process whereby Trueman's right to a moiety of the vessel should be determined ; that that suit was discontinued without the knowledge or consent of either of the parties to this agreement, and so became of no avail to determine their controversy ; and also that afterwards the administrator of Trueman offered to the plaintiff to agree on another suit or legal process or arbitration, to determine the controversy as to the ownership of a moiety of the schooner ; which the plaintiff refused.

Lord
*v.*
Tyler.

Lord
v.
Tyler.

Now we think that the former allegation does not amount to a defence to the action, but that it was properly introductory to and explanatory of the material averment. If the agreement of the plaintiff to the mode of trial was necessary, then if the process agreed on was defeated by the act of Providence or without the fault of the other party, it is very obvious that the plaintiff's agreement was necessary to supply that defect. If Trueman and Lord had agreed upon an arbitrator, and that arbitrator had died before he had time to arbitrate on the subject, it cannot be doubted that it would be the duty of the plaintiff to agree on another arbitrator, and that he could not make the covenant to pay absolute on the defendants by refusing to do so. But if this introductory statement was wholly immaterial and unnecessary, it might, as before, be rejected as surplusage, and then the plea would contain the same matter which was deemed sufficient in the second plea.